RICHARD L. HOLMES, Retired Appellate Judge.
James Hogan and certain other individuals who reside adjacent to, or in close proximity to, certain property in Muscle Shoals, Alabama (hereinafter collectively referred to as Hogan), filed a multi-count complaint against the City of Muscle Shoals, Alabama, its may- or, and its council members (hereinafter collectively referred to as City).
The complaint alleged that the mayor and the council members, in their representative capacity, acted arbitrarily, capriciously, and in bad faith when they voted to permit rezoning of certain real property to allow for the construction of 148 apartments and 300 automobile parking places. The complaint requested that the trial court issue a temporary restraining order and a permanent injunction to prohibit the City from rezoning the subject property, which lies west of Sheffield Avenue and north of Washington Street in the City. We would note that the remaining counts of the complaint were dismissed, and the case proceeded to a trial on the request for injunctive relief.
The trial court, sitting without a jury, issued a 16-page order, finding that the City’s “rezoning cannot be considered sound, fair, and equitable.” The trial court further found that “the approval of the rezoning in this case is arbitrary and unreasonable under City of Tuscaloosa v. Bryan, [505 So.2d 330 (Ala.1987)], and is not ‘fairly debatable’ under Episcopal Foundation of Jefferson County v. Williams, [281 Ala. 363,] 202 So.2d 726 (1967), and Leary v. Adams, [226 Aa. 472,] 147 So. 391 (1933).” The trial court enjoined the City from “taking actions inconsistent with the findings and conclusions herein.”
The City filed a motion for a new trial, which was denied. The City appeals. This case is before this court pursuant to Aa. Code 1975, § 12-2-7(6).
Initially, we would note that the standard of review in a rezoning case is found in the following statements made by our supreme court in Episcopal Foundation of Jefferson County v. Williams, 281 Aa. at 367, 202 So.2d at 730:
“The courts should be slow to set up their own opinions as against those charged with and in position rightfully to perform such duty. The fact that the complainants (appellees) may suffer some financial loss and depreciation in the value of their property is not a test of the constitutionality of the zoning ordinance; nor is it a test to determine if the zoning ordinance is arbitrary, capricious, inequitable, and discriminatory.
“The question is whether the reclassification ... is sound and fair. If the question is fairly debatable, the court will not *402 substitute its judgment for that of the City Council of Birmingham in the exercise of its legislative power.
“The duties of the local authorities in Birmingham, charged with zoning property, are evidently arduous and of a delicate character, requiring sensitive insight and perspicuity as to the public health, safety, morals and general welfare incident to zoning. We cannot say that their judgment is always free from error, but before the courts will interfere, it must be made to appear that such an ordinance passes the bounds of reason and assumes the character of a merely arbitrary fiat.
“We think that men may reasonably differ as to the advisability of a zoning change or in a change affecting zoning districts. We are unwilling in the instant case to substitute our opinion for that of the City Council upon whom the responsibility of weighing all factors devolved, and who had access to full information and acted accordingly.”
(Citations omitted) (emphasis added).
The dispositive issue is whether the trial court incorrectly substituted its judgment for that of the City.
In the present case Hogan contends that the rezoning of the subject property will increase the existing problems of traffic congestion, flooding, and sewer capacity and overflow in the area.
We would note that the record contains a copy of the minutes of the council meeting for June 6, 1994, the date that the council voted to rezone the subject property. We have reviewed those minutes and find that the problems of traffic congestion, flooding, and sewer capacity and overflow in the area were raised during the course of the meeting.
In fact, the owner of the subject property addressed the issues of traffic and water runoff. He pointed out that building an apartment complex on the subject property would not increase these existing problems any more than building single family dwellings on the site would. We would note that the subject property was zoned for single family dwellings prior to June 6,1994.
At the conclusion of the discussion on June 6, 1994, the council voted 4-2 to approve the rezoning request. While the trial court clearly would not have voted with the council’s majority, and while this court may not have voted with the council’s majority, it is well settled that a court should not substitute its judgment for that of the council operating in the exercise of the council’s -legislative power if it is “fairly debatable” that the reclassification is sound and fair. See City of Tuscaloosa v. Bryan, 505 So.2d 330.
In light of the fact that all existing problems were discussed at the June 6, 1994, council meeting and that the council voted by a 4-2 majority to approve the rezoning request, we find that it is “fairly debatable” that the reclassification was sound and fair. Consequently, the court cannot substitute its judgment for that of the council. The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
REVERSED AND REMANDED.
All the judges concur.